# EXHIBIT A

TABLE OF CONTENTS

1) Complaint
2) First Amended Complaint
3) Ford's and Dealer's Answers to First Amended Complaint
4) Ford's Cross Complaint

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FORD MOTOR COMPANY, A Delaware Corporation; RANCHO FORD, INC., a California Corporation; and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MICHAEL SANFORD, an individual;

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 2 2 2016

Sherri R. Carter, Executive Officer/Clerk
By: _____, Deputy
Ishayla Chambers

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*  Stanley Mosk Courthouse

111 N. Hill Street
Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
BC 6 2 5 0 3 5

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David N. Barry, Esq. 11835 W. Olympic Blvd., Suite 440, Los Angeles, CA 90064  (310) 684-5859

DATE:
*(Fecha)*  JUN 22 2016          SHERRI R. CARTER Clerk, by _____ Ishayla Chambers, Deputy
*(Secretario)*                                                        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [✓] on behalf of *(specify):* Ford Motor Company

under: [✓] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
       [ ] other *(specify):*
4. [✓] by personal delivery on *(date):* 6/24/16 @ 3:0 PM

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

DAVID N. BARRY, ESQ. (SBN 219230)
THE BARRY LAW FIRM
11835 W. Olympic Blvd., Suite 440
Los Angeles, CA 90064
Telephone: 310.684.5859
Facsimile: 310.862.4539

Attorney for Plaintiff, MICHAEL SANFORD

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 2 a 2016

Sherri R. ~~~~~ ~~~~~~~~~ Officer/Clerk
By: ~~~~~~~~~~~~~~~~~, Deputy
Ishayla Chambers

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – STANLEY MOSK COURTHOUSE

| | |
|---|---|
| MICHAEL SANFORD, an individual;<br><br>          Plaintiff,<br><br>     v.<br><br>FORD MOTOR COMPANY, A Delaware Corporation; RANCHO FORD, INC., a California Corporation; and DOES 1 through 20, inclusive,<br><br>          Defendants. | Case No.     BC 6 2 5 0 3 5<br><br>**PLAINTIFF MICHAEL SANFORD 'S COMPLAINT FOR DAMAGES AND INJUCTIVE RELIEF**<br><br><br>*Assigned for all purposes to the Hon in Dept.* |

1.  Breach of Implied Warranty of Merchantability under the Song-Beverly Warranty Act.

2.  Breach of Express Warranty under the Song-Beverly Warranty Act.

3.  Violation of The Consumers Legal Remedies Act (Civil Code Section 1750 et seq.)

4.  Violation of California Business and Professions Code Section 17200 et seq.

JURY TRIAL DEMANDED.

PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   PLAINTIFF MICHAEL SANFORD, an individual, hereby alleges and complains as

2   follows:

3   **GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

4   1.   Plaintiff is an individual, residing in the County of Riverside, in the State of

5   California.

6   2.   Defendant, FORD MOTOR COMPANY, (hereinafter referred to as

7   "Manufacturer"), is a corporation, doing business in the County of Los Angeles, State of

8   California, and, at all times relevant herein, was/is engaged in the manufacture, sale, distribution,

9   and/or importing of Ford motor vehicles and related equipment.

10   3.   Defendant, RANCHO FORD, INC., (hereinafter referred to as "Dealer"), is a

11   corporation doing business in the County of Riverside, State of California, and, at all times relevant

12   herein, was/is engaged in the sale, distribution, and/or importing of Ford motor vehicles and related

13   equipment.

14   4.   The true names and capacities, whether individual, corporate, associate, or otherwise,

15   of the Defendants, Does 1 through 20, inclusive, are unknown to Plaintiff who therefore sues these

16   Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to set forth

17   their true names and capacities when they have ascertained them.  Further, Plaintiff is informed and

18   believes, and thereon alleges, that each of the Defendants designated herein as a "Doe" is

19   responsible in some manner for the events and happenings herein referred to and caused injury and

20   damage to Plaintiff as herein alleged.

21   5.   Plaintiff is informed and believes, and thereon alleges, that at all times herein

22   mentioned, Defendants, and each of them, were the agents, servants, and/or employees of each of

23   their Co-Defendants. Plaintiff is informed and believes, and thereon alleges, that in doing the

24   things hereinafter alleged Defendants, and each of them, were acting in the course and scope of

25   their employment as such agents, servants, and/or employees, and with the permission, consent,

26   knowledge, and/or ratification of their Co-Defendants, principals, and/or employers.

27   ///

28   ///

1    6.    On or about December 10, 2010, defendants Manufacturer and Does 1 through 20

2  inclusive, manufactured and/or distributed into the stream of commerce a new 2011 Ford Mustang,

3  VIN 1ZVBP8AM7B5134446 (hereinafter referred to as the "Vehicle") for its eventual sale/lease in

4  the State of California.   The Vehicle came equipped with Takata PSDI-4 driver side airbag

5  inflators.

6    7.    On or about May 16, 2013, Plaintiff purchased, for personal, family, and/or

7  household purposes, the subject Vehicle from the Seller for a total consideration over the term of

8  the installment contract of approximately $24,969.60.  The purchase agreement is in the possession

9  of Defendants.

10    8.    The subject Vehicle was/is a "new motor vehicle" under the Song-Beverly Warranty

11  Act.

12    9.    Along with the purchase of the subject Vehicle, Plaintiff received written warranties

13  and other express and implied warranties including, but not limited to, warranties from

14  Manufacturer and Seller that the subject Vehicle and its components would be free from all defects

15  in material and workmanship; that the subject Vehicle would pass without objection in the trade

16  under the contract description; that the subject Vehicle would be fit for the ordinary purposes for

17  which it was intended; that the subject Vehicle would conform to the promises and affirmations of

18  fact made; that Defendants, and each of them, would perform any repairs, alignments, adjustments,

19  and/or replacements of any parts necessary to ensure that the subject Vehicle was free from any

20  defects in material and workmanship; that Defendants, and each of them, would maintain the utility

21  of the subject Vehicle for Three (3) years or 36,000 miles and would conform the subject Vehicle

22  to the applicable express warranties. (A copy of the written warranty is in the possession of the

23  Defendants).

24    10.    Plaintiff has duly performed all the conditions on Plaintiff's part under the purchase

25  agreement and under the express and implied warranties given to plaintiff, except insofar as the

26  acts and/or omissions of the Defendants, and each of them, as alleged herein, prevented and/or

27  excused such performance.

28  ///

PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

11.     On or about July 1, 2015, Plaintiff received notice of safety recall 15S21 calling for the replacement of the driver side air bag inflator on the subject Vehicle. Recall 15S21 states that in the event of a collision, the air bag inflator could rupture with metal fragments striking the driver or other occupants resulting in serious injury or death.

12.     After receiving notice of safety recall 15S21, Plaintiff delivered the subject Vehicle to the Manufacturer's authorized service and repair facilities, agents and/or dealers, including Seller, for the driver side air bag inflator replacement per recall 15S21. Repair Orders/Invoices are in the possession of Defendants.

13.     Upon delivery of the subject Vehicle to the Manufacturer-authorized service and repair facility for the airbag inflator replacement in accordance with recall number 15S21, Defendants, and each of them, represented to Plaintiff that they cannot conform the subject Vehicle to the applicable warranties, and that the subject Vehicle and all the defects, malfunctions, misadjustments, and/or nonconformities can not be repaired, as the parts were not available. Instead, Defendants returned the subject Vehicle to the Plaintiff without warning that continuing to operate the vehicle may result in death or serious bodily injury.  Defendants have no idea as to when the parts will be available.

14.     Plaintiff was allowed to leave the Manufacturer-authorized service and repair facility with the nonconforming subject Vehicle and all the subject Vehicle's defects, malfunctions, misadjustments, and/or nonconformities, including the defective air bag inflator that posed and continues to pose a threat of serious injury or death.

15.     Plaintiff contacted Defendant Ford Motor Company and requested that his Vehicle be repurchased or replaced pursuant to the remedies provided for by California's Song-Beverly Warranty Act due to Defendant's inability to conform the subject Vehicle to the applicable warranties. Plaintiff received notice from Ford that the subject Vehicle did not qualify for repurchase or replacement under Song-Beverly despite the fact that the subject Vehicle has not been conformed to the applicable warranties and continues to be unsafe to drive.

///

///

-4-
PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

16.   The amount in controversy exceeds TWENTY FIVE THOUSAND DOLLARS ($25,000.00), exclusive of interest and costs, for which Plaintiff seeks judgment against Defendants, together with equitable relief.  In addition, Plaintiff seeks damages from Defendants, and each of them, for incidental, consequential, exemplary, and actual damages including interest, costs, and actual attorneys' fees.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**FIRST CAUSE OF ACTION**

**Breach of Implied Warranty of Merchantability under Song-Beverly Warranty Act**

**Against all Defendants**

17.     Plaintiff realleges each and every paragraph (1-16) and incorporates them by this reference as though fully set forth herein.

18.     The distribution and sale of the subject Vehicle was accompanied by the Manufacturer's implied warranty that the Vehicle was merchantable and would pass without objection in trade.

19.     Furthermore, Defendants, and each of them, impliedly warranted, inter alia, that the subject Vehicle would pass without objection in the trade under the contract description; that the subject Vehicle was fit for the ordinary purposes for which it was intended; that the subject Vehicle was adequately assembled; and/or that the subject Vehicle conformed to the promises or affirmations of fact made to Plaintiff.

20.     As evidenced by the defects, malfunctions, misadjustments, and/or nonconformities alleged herein, the subject Vehicle was not merchantable because it did not have the quality that a buyer would reasonably expect, because it could not pass without objection in the trade under the contract description; because it was not fit for the ordinary purposes for which it was intended; because it was not adequately assembled; and/or because it did not or could not be conformed to the promises or affirmations of fact made to Plaintiff.

21.     Upon discovery of the Vehicle's nonconformities, Plaintiff took reasonable steps to notify Defendants, and each of them, within a reasonable time that the subject Vehicle did not have the quality that a buyer would reasonably expect and, further, justifiably revoked acceptance of the nonconforming subject Vehicle.

///

///

///

///

///

PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

22.     Plaintiff hereby gives written notice and justifiably revokes acceptance of the nonconforming subject Vehicle under the Commercial Code sections 2607 and 2608.  Plaintiff further demands that the Manufacturer cancel the sale, take back the nonconforming subject Vehicle, refund all the money expended, pay the difference between the value of the subject Vehicle as accepted and the value the subject Vehicle would have had if it had been as warranted, and/or pay damages under the Commercial Code sections 2711, 2714, and 2715.

23.     Plaintiff hereby gives written notice and makes demand upon Manufacturer for replacement or restitution, pursuant to Song-Beverly.  Defendants, and each of them, knew of their obligations under Song-Beverly; however, despite Plaintiff's demand, Defendants and each of them, have intentionally failed and refused to make restitution or replacement pursuant to Song-Beverly.

24.     As a result of the acts and/or omissions of the Defendants, and each of them, Plaintiff has sustained damage in the amount actually paid or payable under the contract, plus prejudgment interest thereon at the legal rate.  Plaintiff will seek leave to amend this Complaint to set forth the exact amount thereof when that amount is ascertained.

25.     As a further result of the actions of Defendants, and each of them, Plaintiff has sustained incidental and consequential damages in an amount yet to be determined, plus interest thereon at the legal rate.  Plaintiff will seek leave to amend this Complaint to set forth the exact amount of incidental damages when that amount is ascertained.

26.     As a further result of the actions of Defendants, and each of them, Plaintiff has sustained damages equal to the difference between the value of the subject Vehicle as accepted and the value the subject Vehicle would have had if it had been as warranted.

27.     As a direct result of the acts and/or omissions of Defendants, and each of them, and in pursuing Plaintiff's claim, it was necessary for Plaintiff to retain legal counsel. Pursuant to Song-Beverly, Plaintiff, in addition to his other remedies, is entitled to the recovery of his attorneys' fees based upon actual time expended and reasonably incurred, in connection with the commencement and prosecution of this action.

///

PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**SECOND CAUSE OF ACTION**

**Breach of Express Warranty under Song-Beverly Warranty Act**

**Against all Defendants**

28.     Plaintiff realleges each and every paragraph (1-27) and incorporates them by this reference as though fully set forth herein.

29.     The subject Vehicle had defects, malfunctions, misadjustments, and/or nonconformities covered by the warranty that substantially impaired its value, use, or safety to Plaintiff.

30.     Plaintiff delivered the subject Vehicle to Manufacturer or its authorized repair facilities for repair, and Plaintiff was told that the parts were unavailable and the subject Vehicle could not be repaired at that time. Therefore, Defendants are unable to conform the subject Vehicle to the express warranty.

31.     The safety concerns present in the defective air bag inflator detailed in safety recall 15S21 pose a threat of serious injury or death, and therefore require immediate attention and repair. The fact that Manufacturer or its authorized repair facilities were unable to perform safety recall 15S21 upon delivery of the subject Vehicle constitutes a breach of the express warranties that the Manufacturer provided to Plaintiff, thereby breaching Defendants' obligations under Song-Beverly.

32.     Plaintiff hereby gives written notice and makes demand upon Manufacturer for replacement or restitution, pursuant to Song-Beverly.  Defendants and each of them, knowing their obligations under Song-Beverly, and despite Plaintiff's demand, failed and refused to make restitution or replacement according to the mandates of Song-Beverly.  The failure of Defendants, and each of them, to refund the price paid and payable or to replace the subject Vehicle was intentional and justifies an award of a Civil Penalty in an amount not to exceed two times Plaintiff's actual damages.

///

///

///

-8-

PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

33.     As a result of the acts and/or omissions of Defendants, and each of them, and pursuant to the provisions of the Song-Beverly, Plaintiff is entitled to replacement of the subject Vehicle or restitution of the amount actually paid or payable under the contract, at Plaintiff's election, plus prejudgment interest thereon at the legal rate. Plaintiff will seek leave of Court to amend this Complaint to set forth the exact amount of restitution and interest, upon election, when that amount has been ascertained.

34.     Additionally, as a result of the acts and/or omissions of Defendants, and each of them, and pursuant to Song-Beverly, Plaintiff has sustained and is entitled to consequential and incidental damages in amounts yet to be determined, plus interest thereon at the legal rate. Plaintiff will seek leave of the court to amend this complaint to set forth the exact amount of consequential and/or incidental damages, when those amounts have been ascertained.

35.     As a direct result of the acts and/or omissions of Defendants, and each of them, and in pursuing Plaintiff's claim, it was necessary for Plaintiff to retain legal counsel. Pursuant to Song-Beverly, Plaintiff, in addition to other remedies, is entitled to the recovery of his attorneys' fees based upon actual time expended and reasonably incurred, in connection with the commencement and prosecution of this action.

///
///
///
///
///
///
///
///
///
///
///
///

PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**THIRD CAUSE OF ACTION**

**Violation of The Consumers Legal Remedies Act (Civil Code Section 1750 et seq.)**

**Against all Defendants**

36.     Plaintiff realleges each and every paragraph (1-35) and incorporates them by this reference as though fully set forth herein.

37.     The subject Vehicle is a "Good" as defined in California Civil Code § 1761(a).

38.     Defendants are subject to The Consumers Legal Remedies Act, Civil Code § 1750 et seq. Defendants are a "Person" as defined in Civil Code § 1761(c).

39.     Plaintiff is a "Consumer" as defined in California Civil Code § 1761(d).

40.     Defendants have engaged or attempted to engage in unfair or deceptive acts or practices, including, but not limited to:

>       (a)     Representing that goods have sponsorship, approval, characteristics, uses benefits, or quantities which they do not have.

>       (b)     Representing that goods or services are of a particular standard, quality, or grade, if they are another.

>       (c)     Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

41.     Defendants have a duty to the public, including Plaintiff, to manufacturer and sell safe vehicles that do not pose a harm to the general public. Defendants misrepresented the safety of the subject Vehicle by allowing the subject Vehicle to be sold with a defective air bag inflator and representing to Plaintiff that Defendant would repair any defects in the vehicle upon notification by the Plaintiff pursuant to the terms of the written warranties issued by Defendants at the time of sale.

42.     Defendants represented to Plaintiff, both orally and in writing, that should any defects in the vehicle occur during the warranty period, Defendants would repair the nonconformity.

PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

43.     Defendants have failed to repair the vehicle despite Plaintiff affording Defendants an opportunity to repair the defective vehicle.

44.     The facts Defendants concealed from or did not disclose to Plaintiff are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase the subject Vehicle. Had Plaintiff known the dangers of the subject Vehicle's defective airbag inflator and that Defendants would not honor the terms of the written warranty, Plaintiff would not have purchased the subject Vehicle. Furthermore, had Plaintiff known that the Defendants would willingly allow him to continue driving the subject Vehicle without repairing a defect that poses the threat of serious bodily injury or death, Plaintiff would not have purchased the subject Vehicle.

45.     By failing to repair the vehicle after representing at the time of sale that they would in fact repair the vehicle upon notification by Plaintiff, Defendant violated California Civil Code § 1770(a), as it represented that the subject Vehicle had characteristics and benefits that it did not have, and represented that the subject Vehicle were of a particular standard, quality, or grade when they were of another.

///
///
///
///
///
///
///
///
///
///
///
///
///

-11-

## FOURTH CAUSE OF ACTION

**Violation of California Business and Professions Code Section 17200 et seq. against all**

**Defendants**

46.    Plaintiff realleges each and every paragraph (1-45) and incorporates them by this reference as though fully set forth herein.

47.    Defendants actions constitute unlawful, unfair or fraudulent business acts and practices.

48.    Defendant's act, conduct and practices were unlawful, in that they constituted:

    (a)    Violations of the California Consumer Legal Remedies Act;

    (b)    Violations of the Song-Beverly Consumer Warranty Act; and

    (c)    Violations of the express warranty provisions of California Commercial Code § 2313.

49.    Defendants have engaged in "unlawful" business acts or practices by manufacturing and/or distributing into the stream of commerce the subject Vehicle that contained defects that can cause serious injury or death.

50.    Defendants have engaged in a "fraudulent" business act or practice by allowing Plaintiff to continue driving the subject Vehicle after failing to perform the safety recall for a defect that can cause serious injury or death.

51.    Defendants have engaged in an "unfair" business practice in that the justification for selling vehicles based on the misrepresentations and omissions of material fact delineated above is outweighed by the gravity of the resulting harm, particularly considering the available alternatives, and offends public policy, is immoral, unscrupulous, unethical, and offensive, or causes substantial injury to consumers.

52.    Defendants have also engaged in an "unfair" business practice by failing to repurchase or provide restitution for the nonconforming subject Vehicle pursuant to the remedies of Song-Beverly, and forcing Plaintiff to drive a defective vehicle.

///

///

-12-

53.     The facts Defendants concealed from or did not disclose to Plaintiff are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase the subject Vehicle. If Plaintiff had been aware of the subject Vehicle's safety issues, Plaintiff would not have purchased or leased the subject Vehicle.

53.     As a result of their reliance on Defendant's omissions and/or misrepresentations, Plaintiff has suffered an ascertainable loss of money, property, and/or value of the subject Vehicle.

54.     The above-described unlawful, fraudulent, or unfair business acts and practices conducted by Defendants continue to this day and present a threat to Plaintiff, and/or the general public in that Defendant has failed provide full equitable injunctive and monetary relief as required by the statute.

55.     Pursuant to California Business and Professions Code Section 17203, Plaintiff may seek an order of this Court requiring Defendants to immediately cease such acts of unfair competition and enjoining Defendants from continuing to conduct business via the unlawful, fraudulent, and/or unfair business practices and acts set forth in this Complaint and from failing to fully disclose the true nature of their misrepresentations, and ordering Defendants to engage in a corrective notice and advertising campaign.  Plaintiffs additionally request an order from the Court requiring the Defendants to provide complete equitable and monetary relief so as to prevent Defendants from benefitting from the practices that constitute unfair competition or the use or employment of any monies resulting from the sale of these vehicles, including requiring the payment of restitution of any monies as may be necessary to restore to any member of the general public any money or property which may have been acquired by means of such acts of unfair competition.

///

///

///

///

///

///

-13-
PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against all Defendants, and each of them, as follows:

        A. For replacement or restitution, at Plaintiff's election, according to proof;

        B. For incidental damages, according to proof;

        C. For consequential damages, according to proof;

        D. For a civil penalty as provided in Song-Beverly, in an amount not to exceed two times the amount of Plaintiff's actual damages;

        E. For injunctive relief under Business and Professions Code Section 17500 and Civil Code Section 1750 et seq.;

        F. For punitive damages;

        G. For actual attorney's fees, reasonably incurred;

        H. For costs of suit and expenses, according to proof;

        I. For the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted;

        J. For remedies provided in Chapters 6 and 7 of Division 2 of the Commercial Code;

        K. For pre-judgment interest at the legal rate;

        L. Such other relief the Court deems appropriate.

Date: June 22, 2016             THE BARRY LAW FIRM

By: _____
DAVID N. BARRY, ESQ.
Attorney for Plaintiff,
MICHAEL SANFORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)

Case Number _____                    BC 6 2 5 0 3 5

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judge indicated below. There is more information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|
| Hon. Kevin C. Brazile | 1 | 534 | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Deirdre Hill | 49 | 509 | |
| Hon. Terry A. Green | 14 | 300 | Hon. Teresa A. Beaudet | 50 | 508 | |
| Hon. Richard Fruin | 15 | 307 | Hon. Michael J. Raphael | 51 | 511 | |
| Hon. Rita Miller | 16 | 306 | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Richard E. Rico | 17 | 309 | Hon. Howard L. Halm | 53 | 513 | |
| Hon. Stephanie Bowick | 19 | 311 | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Dalila Corral Lyons | 20 | 310 | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Robert L. Hess | 24 | 314 | Hon. Michael Johnson | 56 | 514 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. John P. Doyle | 58 | 516 | |
| Hon. Barbara Scheper | 30 | 400 | Hon. Gregory Keosian | 61 | 732 | |
| Hon. Samantha Jessner | 31 | 407 | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Daniel S. Murphy | 32 | 406 | Hon. Mark Mooney | 68 | 617 | |
| Hon. Michael P. Linfield | 34 | 408 | Hon. William F. Fahey | 69 | 621 | |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Suzanne G. Bruguera | 71 | 729 | |
| Hon. Marc Marmaro | 37 | 413 | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. Rafael Ongkeko | 73 | 733 | |
| Hon. Elizabeth Feffer | 39 | 415 | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. David Sotelo | 40 | 414 | Hon. Gail Ruderman Feuer | 78 | 730 | |
| Hon. Holly E. Kendig | 42 | 416 | | | | |
| Hon. Mel Red Recana | 45 | 529 | Hon. Steven J. Kleifield | 324 | CCW | |
| Hon. Frederick C. Shaller | 46 | 500 | *Provisionally Complex Non-class Action Cases Assignment is Pending Complex Determination | 324 | CCW | |
| Hon. Debre K. Weintraub | 47 | 507 | | | | |

**\*Complex**

All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on **JUN 2 4 2016** _____ SHERRI R. CARTER, Executive Officer/Clerk

By ___Ishayla Chambers___, Deputy Clerk

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Three Rules were effective January 1, 1994.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts.  These matters may be heard and resolved at this conference.  At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):        FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally.  Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a.  The party requesting the Informal Discovery Conference will:

        i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii.  Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b.  Any Answer to a Request for Informal Discovery Conference must:

        i.   Also be filed on the approved form (copy attached);

        ii.  Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11            **STIPULATION – DISCOVERY RESOLUTION**
For Optional Use

<table>
<tr><td>SHORT TITLE:</td><td>CASE NUMBER:</td></tr>
</table>

iii.   Be filed within two (2) court days of receipt of the Request; and

iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.   If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.   The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.   Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.   Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR PLAINTIFF)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR _____)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR _____)

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the  complaint, and _____ for  the  cross-
         (INSERT DATE)                                          (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____                    ➤   _____
         (TYPE OR PRINT NAME)                                              (ATTORNEY FOR PLAINTIFF)
Date:

_____                    ➤   _____
         (TYPE OR PRINT NAME)                                              (ATTORNEY FOR DEFENDANT)
Date:

_____                    ➤   _____
         (TYPE OR PRINT NAME)                                              (ATTORNEY FOR DEFENDANT)
Date:

_____                    ➤   _____
         (TYPE OR PRINT NAME)                                              (ATTORNEY FOR DEFENDANT)
Date:

_____                    ➤   _____
         (TYPE OR PRINT NAME)                                              (ATTORNEY FOR _____ )
Date:

_____                    ➤   _____
         (TYPE OR PRINT NAME)                                              (ATTORNEY FOR _____ )

_____                    ➤   _____
         (TYPE OR PRINT NAME)                                              (ATTORNEY FOR _____ ) .

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1.  This document relates to:

    ☐   Request for Informal Discovery Conference
    ☐   Answer to Request for Informal Discovery Conference

2.  Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3.  Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4.  **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):                    FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date:   _____

_____
JUDICIAL OFFICER

1  DAVID N. BARRY, ESQ. (SBN 219230)
   THE BARRY LAW FIRM
2  11835 W. Olympic Blvd., Suite 440
   Los Angeles, CA 90064
3  Telephone: 310.684.5859
   Facsimile: 310.862.4539
4
5  Attorney for Plaintiff, MICHAEL SANFORD

6
7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8       FOR THE COUNTY OF LOS ANGELES – STANLEY MOSK COURTHOUSE

9  MICHAEL SANFORD, an individual;          Case No. BC625035

10
11              Plaintiff,                   **PLAINTIFF MICHAEL SANFORD'S
                                             FIRST AMENDED COMPLAINT FOR
12      v.                                   DAMAGES AND INJUCTIVE RELIEF**

13
14  FORD MOTOR COMPANY, A Delaware
15  Corporation; RANCHO FORD, INC., a
16  California Corporation; and DOES 1 through   *Assigned for all purposes to the Hon. Teresa A.
                                                  Beaudet
17  20, inclusive,                               in Dept. 50*
18              Defendants.

19
20
21      1.   Breach of Implied Warranty of Merchantability under the Song-Beverly Warranty Act.

22      2.   Breach of Express Warranty under the Song-Beverly Warranty Act.

23      3.   Violation of The Consumers Legal Remedies Act (Civil Code Section 1750 et seq.)

24      4.   Violation of California Business and Professions Code Section 17200 et seq.

25  JURY TRIAL DEMANDED.

26
27
28

-1-
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    PLAINTIFF MICHAEL SANFORD, an individual, hereby alleges and complains as
2 follows:

3    **GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

4    1.    Plaintiff is an individual, residing in the County of Riverside, in the State of
5 California.

6    2.    Defendant, FORD MOTOR COMPANY, (hereinafter referred to as
7 "Manufacturer"), is a corporation, doing business in the County of Los Angeles, State of
8 California, and, at all times relevant herein, was/is engaged in the manufacture, sale, distribution,
9 and/or importing of Ford motor vehicles and related equipment.

10    3.    Defendant, RANCHO FORD, INC., (hereinafter referred to as "Dealer"), is a
11 corporation doing business in the County of Riverside, State of California, and, at all times relevant
12 herein, was/is engaged in the sale, distribution, and/or importing of Ford motor vehicles and related
13 equipment.

14    4.    The true names and capacities, whether individual, corporate, associate, or otherwise,
15 of the Defendants, Does 1 through 20, inclusive, are unknown to Plaintiff who therefore sues these
16 Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to set forth
17 their true names and capacities when they have ascertained them.  Further, Plaintiff is informed and
18 believes, and thereon alleges, that each of the Defendants designated herein as a "Doe" is
19 responsible in some manner for the events and happenings herein referred to and caused injury and
20 damage to Plaintiff as herein alleged.

21    5.    Plaintiff is informed and believes, and thereon alleges, that at all times herein
22 mentioned, Defendants, and each of them, were the agents, servants, and/or employees of each of
23 their Co-Defendants. Plaintiff is informed and believes, and thereon alleges, that in doing the
24 things hereinafter alleged Defendants, and each of them, were acting in the course and scope of
25 their employment as such agents, servants, and/or employees, and with the permission, consent,
26 knowledge, and/or ratification of their Co-Defendants, principals, and/or employers.

27 ///

28 ///

-2-

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

6.    On or about December 10, 2010, defendants Manufacturer and Does 1 through 20 inclusive, manufactured and/or distributed into the stream of commerce a new 2011 Ford Mustang, VIN 1ZVBP8AM7B5134446 (hereinafter referred to as the "Vehicle") for its eventual sale/lease in the State of California.    The Vehicle came equipped with Takata PSDI-4 driver side airbag inflators.

7.    On or about May 16, 2013, Plaintiff purchased, for personal, family, and/or household purposes, the subject Vehicle from the Seller for a total consideration over the term of the installment contract of approximately $24,969.60.  The purchase agreement is in the possession of Defendants.

8.    The subject Vehicle was/is a "new motor vehicle" under the Song-Beverly Warranty Act.

9.    Along with the purchase of the subject Vehicle, Plaintiff received written warranties and other express and implied warranties including, but not limited to, warranties from Manufacturer and Seller that the subject Vehicle and its components would be free from all defects in material and workmanship; that the subject Vehicle would pass without objection in the trade under the contract description; that the subject Vehicle would be fit for the ordinary purposes for which it was intended; that the subject Vehicle would conform to the promises and affirmations of fact made; that Defendants, and each of them, would perform any repairs, alignments, adjustments, and/or replacements of any parts necessary to ensure that the subject Vehicle was free from any defects in material and workmanship; that Defendants, and each of them, would maintain the utility of the subject Vehicle for Three (3) years or 36,000 miles and would conform the subject Vehicle to the applicable express warranties. (A copy of the written warranty is in the possession of the Defendants).

10.    Plaintiff has duly performed all the conditions on Plaintiff's part under the purchase agreement and under the express and implied warranties given to plaintiff, except insofar as the acts and/or omissions of the Defendants, and each of them, as alleged herein, prevented and/or excused such performance.

///

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

11.     On or about July 1, 2015, Plaintiff received notice of safety recall 15S21 calling for the replacement of the driver side air bag inflator on the subject Vehicle. Recall 15S21 states that in the event of a collision, the air bag inflator could rupture with metal fragments striking the driver or other occupants resulting in serious injury or death.

12.     After receiving notice of safety recall 15S21, Plaintiff delivered the subject Vehicle to the Manufacturer's authorized service and repair facilities, agents and/or dealers, including Seller, for the driver side air bag inflator replacement per recall 15S21. Repair Orders/Invoices are in the possession of Defendants.

13.     Upon delivery of the subject Vehicle to the Manufacturer-authorized service and repair facility for the airbag inflator replacement in accordance with recall number 15S21, Defendants, and each of them, represented to Plaintiff that they cannot conform the subject Vehicle to the applicable warranties, and that the subject Vehicle and all the defects, malfunctions, misadjustments, and/or nonconformities can not be repaired, as the parts were not available. Instead, Defendants returned the subject Vehicle to the Plaintiff without warning that continuing to operate the vehicle may result in death or serious bodily injury.  Defendants have no idea as to when the parts will be available.

14.     Plaintiff was allowed to leave the Manufacturer-authorized service and repair facility with the nonconforming subject Vehicle and all the subject Vehicle's defects, malfunctions, misadjustments, and/or nonconformities, including the defective air bag inflator that posed and continues to pose a threat of serious injury or death.

15.     Plaintiff contacted Defendant Ford Motor Company and requested that his Vehicle be repurchased or replaced pursuant to the remedies provided for by California's Song-Beverly Warranty Act due to Defendant's inability to conform the subject Vehicle to the applicable warranties. Plaintiff received notice from Ford that the subject Vehicle did not qualify for repurchase or replacement under Song-Beverly despite the fact that the subject Vehicle has not been conformed to the applicable warranties and continues to be unsafe to drive.

///

///

-4-

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    16.    The amount in controversy exceeds TWENTY FIVE THOUSAND DOLLARS

2  ($25,000.00), exclusive of interest and costs, for which Plaintiff seeks judgment against

3  Defendants, together with equitable relief.  In addition, Plaintiff seeks damages from Defendants,

4  and each of them, for incidental, consequential, exemplary, and actual damages including interest,

5  costs, and actual attorneys' fees.

6  ///
7  ///
8  ///
9  ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

-5-

# FIRST CAUSE OF ACTION

## Breach of Implied Warranty of Merchantability under Song-Beverly Warranty Act

### Against all Defendants

17.    Plaintiff realleges each and every paragraph (1-16) and incorporates them by this reference as though fully set forth herein.

18.    The distribution and sale of the subject Vehicle was accompanied by the Manufacturer's implied warranty that the Vehicle was merchantable and would pass without objection in trade.

19.    Furthermore, Defendants, and each of them, impliedly warranted, inter alia, that the subject Vehicle would pass without objection in the trade under the contract description; that the subject Vehicle was fit for the ordinary purposes for which it was intended; that the subject Vehicle was adequately assembled; and/or that the subject Vehicle conformed to the promises or affirmations of fact made to Plaintiff.

20.    As evidenced by the defects, malfunctions, misadjustments, and/or nonconformities alleged herein, the subject Vehicle was not merchantable because it did not have the quality that a buyer would reasonably expect, because it could not pass without objection in the trade under the contract description; because it was not fit for the ordinary purposes for which it was intended; because it was not adequately assembled; and/or because it did not or could not be conformed to the promises or affirmations of fact made to Plaintiff.

21.    Upon discovery of the Vehicle's nonconformities, Plaintiff took reasonable steps to notify Defendants, and each of them, within a reasonable time that the subject Vehicle did not have the quality that a buyer would reasonably expect and, further, justifiably revoked acceptance of the nonconforming subject Vehicle.

///

///

///

///

///

22.     Plaintiff hereby gives written notice and justifiably revokes acceptance of the nonconforming subject Vehicle under the Commercial Code sections 2607 and 2608.  Plaintiff further demands that the Manufacturer cancel the sale, take back the nonconforming subject Vehicle, refund all the money expended, pay the difference between the value of the subject Vehicle as accepted and the value the subject Vehicle would have had if it had been as warranted, and/or pay damages under the Commercial Code sections 2711, 2714, and 2715.

23.     Plaintiff hereby gives written notice and makes demand upon Manufacturer for replacement or restitution, pursuant to Song-Beverly.  Defendants, and each of them, knew of their obligations under Song-Beverly; however, despite Plaintiff's demand, Defendants and each of them, have intentionally failed and refused to make restitution or replacement pursuant to Song-Beverly.

24.     As a result of the acts and/or omissions of the Defendants, and each of them, Plaintiff has sustained damage in the amount actually paid or payable under the contract, plus prejudgment interest thereon at the legal rate.  Plaintiff will seek leave to amend this Complaint to set forth the exact amount thereof when that amount is ascertained.

25.     As a further result of the actions of Defendants, and each of them, Plaintiff has sustained incidental and consequential damages in an amount yet to be determined, plus interest thereon at the legal rate.  Plaintiff will seek leave to amend this Complaint to set forth the exact amount of incidental damages when that amount is ascertained.

26.     As a further result of the actions of Defendants, and each of them, Plaintiff has sustained damages equal to the difference between the value of the subject Vehicle as accepted and the value the subject Vehicle would have had if it had been as warranted.

27.     As a direct result of the acts and/or omissions of Defendants, and each of them, and in pursuing Plaintiff's claim, it was necessary for Plaintiff to retain legal counsel.  Pursuant to Song-Beverly, Plaintiff, in addition to his other remedies, is entitled to the recovery of his attorneys' fees based upon actual time expended and reasonably incurred, in connection with the commencement and prosecution of this action.

///

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## SECOND CAUSE OF ACTION

### Breach of Express Warranty under Song-Beverly Warranty Act

#### Against all Defendants

28.    Plaintiff realleges each and every paragraph (1-27) and incorporates them by this reference as though fully set forth herein.

29.    The subject Vehicle had defects, malfunctions, misadjustments, and/or nonconformities covered by the warranty that substantially impaired its value, use, or safety to Plaintiff.

30.    Plaintiff delivered the subject Vehicle to Manufacturer or its authorized repair facilities for repair, and Plaintiff was told that the parts were unavailable and the subject Vehicle could not be repaired at that time. Therefore, Defendants are unable to conform the subject Vehicle to the express warranty.

31.    The safety concerns present in the defective air bag inflator detailed in safety recall 15S21 pose a threat of serious injury or death, and therefore require immediate attention and repair. The fact that Manufacturer or its authorized repair facilities were unable to perform safety recall 15S21 upon delivery of the subject Vehicle constitutes a breach of the express warranties that the Manufacturer provided to Plaintiff, thereby breaching Defendants' obligations under Song-Beverly.

32.    Plaintiff hereby gives written notice and makes demand upon Manufacturer for replacement or restitution, pursuant to Song-Beverly. Defendants and each of them, knowing their obligations under Song-Beverly, and despite Plaintiff's demand, failed and refused to make restitution or replacement according to the mandates of Song-Beverly. The failure of Defendants, and each of them, to refund the price paid and payable or to replace the subject Vehicle was intentional and justifies an award of a Civil Penalty in an amount not to exceed two times Plaintiff's actual damages.

///

///

///

-8-

33. As a result of the acts and/or omissions of Defendants, and each of them, and pursuant to the provisions of the Song-Beverly, Plaintiff is entitled to replacement of the subject Vehicle or restitution of the amount actually paid or payable under the contract, at Plaintiff's election, plus prejudgment interest thereon at the legal rate. Plaintiff will seek leave of Court to amend this Complaint to set forth the exact amount of restitution and interest, upon election, when that amount has been ascertained.

34. Additionally, as a result of the acts and/or omissions of Defendants, and each of them, and pursuant to Song-Beverly, Plaintiff has sustained and is entitled to consequential and incidental damages in amounts yet to be determined, plus interest thereon at the legal rate. Plaintiff will seek leave of the court to amend this complaint to set forth the exact amount of consequential and/or incidental damages, when those amounts have been ascertained.

35. As a direct result of the acts and/or omissions of Defendants, and each of them, and in pursuing Plaintiff's claim, it was necessary for Plaintiff to retain legal counsel. Pursuant to Song-Beverly, Plaintiff, in addition to other remedies, is entitled to the recovery of his attorneys' fees based upon actual time expended and reasonably incurred, in connection with the commencement and prosecution of this action.

///
///
///
///
///
///
///
///
///
///
///
///

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**THIRD CAUSE OF ACTION**

**Violation of The Consumers Legal Remedies Act (Civil Code Section 1750 et seq.)**

**Against all Defendants**

36.    Plaintiff realleges each and every paragraph (1-35) and incorporates them by this reference as though fully set forth herein.

37.    The subject Vehicle is a "Good" as defined in California Civil Code § 1761(a).

38.    Defendants are subject to The Consumers Legal Remedies Act, Civil Code § 1750 et seq. Defendants are a "Person" as defined in Civil Code § 1761(c).

39.    Plaintiff is a "Consumer" as defined in California Civil Code § 1761(d).

40.    Defendants have engaged or attempted to engage in unfair or deceptive acts or practices, including, but not limited to:

(a)    Representing that goods have sponsorship, approval, characteristics, uses benefits, or quantities which they do not have.

(b)    Representing that goods or services are of a particular standard, quality, or grade, if they are another.

(c)    Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

41.    Defendants have a duty to the public, including Plaintiff, to manufacturer and sell safe vehicles that do not pose a harm to the general public. Defendants misrepresented the safety of the subject Vehicle by allowing the subject Vehicle to be sold with a defective air bag inflator and representing to Plaintiff that Defendant would repair any defects in the vehicle upon notification by the Plaintiff pursuant to the terms of the written warranties issued by Defendants at the time of sale.

42.    Defendants represented to Plaintiff, both orally and in writing, that should any defects in the vehicle occur during the warranty period, Defendants would repair the nonconformity.

43.     Defendants have failed to repair the vehicle despite Plaintiff affording Defendants an opportunity to repair the defective vehicle.

44.     The facts Defendants concealed from or did not disclose to Plaintiff are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase the subject Vehicle. Had Plaintiff known the dangers of the subject Vehicle's defective airbag inflator and that Defendants would not honor the terms of the written warranty, Plaintiff would not have purchased the subject Vehicle. Furthermore, had Plaintiff known that the Defendants would willingly allow him to continue driving the subject Vehicle without repairing a defect that poses the threat of serious bodily injury or death, Plaintiff would not have purchased the subject Vehicle.

45.     By failing to repair the vehicle after representing at the time of sale that they would in fact repair the vehicle upon notification by Plaintiff, Defendant violated California Civil Code § 1770(a), as it represented that the subject Vehicle had characteristics and benefits that it did not have, and represented that the subject Vehicle were of a particular standard, quality, or grade when they were of another.

46.     Plaintiff provided written notice of violation via U.S. Certified Mail under the Consumer Legal Remedies Act to Defendant Ford Motor Company on August 17, 2016. *See* Exhibit 1 attached hereto. On September 20, 2016, Defendant Ford Motor Company declined to offer any assistance. *See* Exhibit 2 attached hereto.

47.     Written notice of violation was provided via U.S. Certified Mail to Defendant Rancho Ford, Inc. on October 25, 2016. *See* Exhibit 3 attached hereto. After Thirty (30) days, Rancho Ford, Inc. has not offered any assistance.

///
///
///
///
///
///

### FOURTH CAUSE OF ACTION

**Violation of California Business and Professions Code Section 17200 et seq. against all**

**Defendants**

48.     Plaintiff realleges each and every paragraph (1-47) and incorporates them by this reference as though fully set forth herein.

49.     Defendants actions constitute unlawful, unfair or fraudulent business acts and practices.

50.     Defendant's act, conduct and practices were unlawful, in that they constituted:

      (a)     Violations of the California Consumer Legal Remedies Act;

      (b)     Violations of the Song-Beverly Consumer Warranty Act; and

      (c)     Violations of the express warranty provisions of California Commercial Code § 2313.

51.     Defendants have engaged in "unlawful" business acts or practices by manufacturing and/or distributing into the stream of commerce the subject Vehicle that contained defects that can cause serious injury or death.

52.     Defendants have engaged in a "fraudulent" business act or practice by allowing Plaintiff to continue driving the subject Vehicle after failing to perform the safety recall for a defect that can cause serious injury or death.

53.     Defendants have engaged in an "unfair" business practice in that the justification for selling vehicles based on the misrepresentations and omissions of material fact delineated above is outweighed by the gravity of the resulting harm, particularly considering the available alternatives, and offends public policy, is immoral, unscrupulous, unethical, and offensive, or causes substantial injury to consumers.

54.     Defendants have also engaged in an "unfair" business practice by failing to repurchase or provide restitution for the nonconforming subject Vehicle pursuant to the remedies of Song-Beverly, and forcing Plaintiff to drive a defective vehicle.

///

///

-12-

55.     The facts Defendants concealed from or did not disclose to Plaintiff are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase the subject Vehicle. If Plaintiff had been aware of the subject Vehicle's safety issues, Plaintiff would not have purchased or leased the subject Vehicle.

56.     As a result of their reliance on Defendant's omissions and/or misrepresentations, Plaintiff has suffered an ascertainable loss of money, property, and/or value of the subject Vehicle.

57.     The above-described unlawful, fraudulent, or unfair business acts and practices conducted by Defendants continue to this day and present a threat to Plaintiff, and/or the general public in that Defendant has failed provide full equitable injunctive and monetary relief as required by the statute.

58.     Pursuant to California Business and Professions Code Section 17203, Plaintiff may seek an order of this Court requiring Defendants to immediately cease such acts of unfair competition and enjoining Defendants from continuing to conduct business via the unlawful, fraudulent, and/or unfair business practices and acts set forth in this Complaint and from failing to fully disclose the true nature of their misrepresentations, and ordering Defendants to engage in a corrective notice and advertising campaign. Plaintiffs additionally request an order from the Court requiring the Defendants to provide complete equitable and monetary relief so as to prevent Defendants from benefitting from the practices that constitute unfair competition or the use or employment of any monies resulting from the sale of these vehicles, including requiring the payment of restitution of any monies as may be necessary to restore to any member of the general public any money or property which may have been acquired by means of such acts of unfair competition.

///
///
///
///
///
///

-13-
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against all Defendants, and each of them, as follows:

    A. For replacement or restitution, at Plaintiff's election, according to proof;

    B. For incidental damages, according to proof;

    C. For consequential damages, according to proof;

    D. For a civil penalty as provided in Song-Beverly, in an amount not to exceed two times the amount of Plaintiff's actual damages;

    E. For injunctive relief under Business and Professions Code Section 17500 and Civil Code Section 1750 et seq.;

    F. For punitive damages;

    G. For actual attorney's fees, reasonably incurred;

    H. For costs of suit and expenses, according to proof;

    I. For the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted;

    J. For remedies provided in Chapters 6 and 7 of Division 2 of the Commercial Code;

    K. For pre-judgment interest at the legal rate;

    L. Such other relief the Court deems appropriate.


Date:   December 15, 2016           THE BARRY LAW FIRM


By: _____
DAVID N. BARRY, ESQ.
Attorney for Plaintiff,
MICHAEL SANFORD

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**EXHIBIT 1**

# THE BARRY LAW FIRM

Main Office

11835 W. Olympic Boulevard
Suite 440
Los Angeles, California 90064

Telephone (310) 684-5859 ◆ Facsimile (310) 862-4539
dbarry@mylemonrights.com

August 17, 2016

**VIA U. S. CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

F.C.S.D. – Consumer Affairs
16800 Executive Plaza Drive, Suite 3N-333
Dearborn, Michigan 48126-4207
Mail Drop 3E-B

        Re:     Mr. Michael Sanford
                2011 Ford Mustang
                VIN 1ZVBP8AM7B5134446

## NOTICE OF VIOLATION OF THE CONSUMERS' LEGAL REMEDIES ACT

To Whom It May Concern:

        Please be advised that this office has been retained to represent the interests of Mr. Michael Sanford regarding his purchase of the above-referenced 2011 Ford Mustang from Rancho Ford, Inc. Please allow this letter to serve as formal notice of your violation of Consumers' Legal Remedies Act ("CLRA") (*Civil Code §1750 et seq.*).

        On May 16, 2014, Rancho Ford, Inc. sold my client the above-referenced vehicle for a total sales price of $24,969.60. Ford Motor Company is conducting a safety recall (recall 15S21) on 2005-2014 Ford Mustang vehicles equipped with defective driver side airbag inflators. The vehicles named in safety recall 15S21 were represented by Ford Motor Company and Rancho Ford, Inc. to be safe for sale, when in fact the vehicles were not safe due to their defects. Unfortunately, my client purchased one of these vehicles, and he based his decision to purchase the vehicle upon Ford Motor Company and Rancho Ford, Inc.'s representation that the vehicle was safe to drive.

        By issuing safety recall 15S21, Ford Motor Company also represented to my client that if the vehicle was delivered to a manufacturer-authorized service and repair facility, that the defective airbag inflator would be replaced and the vehicle would be made safe to drive. Once my client received notice of safety recall 15S21, he promptly delivered the vehicle to Rancho Ford, Inc. to have safety recall 15S21 performed. Upon delivery of the vehicle, my client was informed that Rancho Ford, Inc. did not have the appropriate parts to perform safety recall

15S21. Safety recall 15S21 was not performed on my client's vehicle, and he is now forced to drive the defective vehicle.

The CLRA prohibits unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer. The CLRA specifically prohibits representing that goods or services have sponsorship, approval, characteristics, or benefits which they do not have, as well as representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. Finally, the CLRA prohibits representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law. See, *Civil Code § 17200(a)(5)(7)(14)*.

In addition, by misrepresenting the characteristics of the subject vehicle which was sold to my client, Ford Motor Company also engaged in unlawful, illegal, or fraudulent activity. This action would violate California's *Business and Professions Code § 17200* ("UCL").

Finally, it is also my client's position that the vehicle which was sold to him was unmerchantable and would not pass without objection in trade, thus placing Ford Motor Company in breach of the implied warranty of merchantability. See, *Civil Code § 1791.1*. The vehicle came equipped with a latent defect that my client was unable to discern until Ford Motor Company issued recall 15S21.

Please be advised that the CLRA and UCL allow for the imposition of punitive damages, injunctive relief, as well as actual damages of my client. Both of these statuses also provide for the recovery of attorney's fees and costs necessitated by the filing of any such lawsuit as a result of a conduct which violates either of the above two statuses.

Accordingly, demand is made that Ford Motor Company immediately rescind the subject sales transaction and refund to my client all of the money expended on the vehicle. In addition, demand is made that Ford Motor Company pay reasonably incurred attorney's fees and costs.

Should you have any further questions or wish to discuss this matter further, please do not hesitate to contact the undersigned. Furthermore, please be advised that due to my representation of Mr. Sanford, you are to have no further contact with my client, either telephonically, in writing, or electronically.

Very Truly Yours,

THE BARRY LAW FIRM

David N. Barry, Esq.

**EXHIBIT 2**



ERSKINE
LAW

ATTORNEYS:

ZABBIA ALHOLOU
MARY ARENS'
MARGARET BOWERS
MARGARET ERSKINE
SCOTT ERSKINE++
STEPHEN GOODRICH
CATHERINE MILLER
KENNETH MILLER
SEAN MORRISSEY'
JEREMY NOWLAND
MICHAEL OHLY
NICK RICE
JONATHAN SHUGART+
MELISSA TRPCEVSKI++
ABIGAIL WRIGHT
NATALIE PRIEST YAW

LEGAL ASSISTANTS:

CLAIRE FERRER
STACIE FILLO
KAYE FRYE
BETH MUMA
VICKI NIKOLLAJ
DORIAN PHIPPS
ALEX ROTH
LAURIE STARR
TERRY WOLF

LICENSED IN
CA ONLY
LICENSED IN
MI & CA
LICENSED IN
OH & CA

26056 Acero
Mission Viejo, CA 92691

T. 949-777-6302
F. 949-916-1152
www.erskinelawgroup.com

Mary Lynn Arens
direct dial: 949-777-6032
e-mail: marens@erskinelawgroup.com

September 20, 2016

The Barry Law Firm
11835 Olympic Blvd, Suite 465
Los Angeles, CA 90064

Subject: *Michael Sanford vs. Ford Motor Company, et al*
*LASC Case No: BC625035*

Dear Mr. Barry:

   I am writing on behalf of Ford Motor Company in response to your August 17, 2016 letter wherein you allege that Ford has violated the Consumer Legal Remedies Act ("CLRA"). As a preliminary matter, Ford does not have personal knowledge regarding the circumstances of your client's purchase of the 2011 Ford Mustang as Ford was not a party to the sale of the vehicle.

   As you know, the Consumer Legal Remedies Act ("CLRA") was designed to "protect consumers against unfair and deceptive business practices." The CLRA specifically outlines the methods of competition that are considered unlawful, unfair or deceptive and sets forth available remedies. Ford has reviewed your letter representing that your client purchased the 2011 Ford Mustang based upon alleged misrepresentations at the time of purchase by Ford Motor Company and Gosch Ford Temecula. Based on the information currently available to Ford, Ford cannot identify any specific conduct or misrepresentations by Ford that would qualify as a violation of any of the provisions of that statute you have cited.

The facts, as currently known, indicate that Ford did not make any misrepresentations regarding the condition, quality or characteristics of the vehicle. Further, Ford's records illustrate that the subject vehicle has had warranty repairs to replace the actuator, battery and seat track, pursuant to Ford's New Vehicle Limited Warranty. As such, there does not appear to be any element of wrongdoing undertaken by Ford that would warrant a claim under the CLRA.

In further support of its position, Ford refers you generally to NHTSA's website – particularly safercar.gov/rs/takata – which contains information concerning the recall of Takata airbags. Ford also refers you to the February 26, 2016 letter of NHTSA Administrator Mark Rosekind to Senator Bill Nelson addressing safety concerns about the recall of Takata airbags. These resources contain information regarding the recall raised in your correspondence, the content of which affirms that the subject vehicle is not unsafe to drive in this regard.

While you assert that Ford has somehow violated Civil Code sections 1770(a)(5)(7)(14) and 1791.1, as well as Business and Professions Code section 17200, neither you nor your client have cited any single affirmative misrepresentation by Ford as it relates to your client's specific vehicle. Bardin v. DaimlerChrysler Corp., 136 Cal.App.4th 1255, 1275 (2006) is substantively dispositive here. There, the California Court of Appeal, 4th District, sustained a demurrer without leave to amend where there was no competent allegation of an affirmative misrepresentation regarding the durability and longevity of certain parts in Chrysler vehicles. In short, there is no substantial justification for the CLRA claims you have asserted.[i]

Accordingly, Ford respectfully denies the remedial requests set forth in the notice of alleged violations of the CLRA.

Very truly yours,

Mary Lynn Arens

---

[i] If Ford has to defend itself against a CLRA lawsuit based upon the alleged general statements in your letter, it will do so vigorously. Also, please also note that we believe the filing of such a claim would be based on an inadequate CLRA demand letter, without substantial justification and entitle Ford to its legal fees and costs from your client. See Civil Code Section 1790(d).



2 of 2

**EXHIBIT 3**

# THE BARRY LAW FIRM

Main Office

11835 W. Olympic Boulevard
Suite 440
Los Angeles, California 90064

Telephone (310) 684-5859 ◆ Facsimile (310) 862-4539

October 25, 2016

**VIA U.S. CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

Eric J. Gosch
Rancho Ford, Inc.
26895 Ynez Rd.
Temecula, CA 92591

      Re:    Mr. Michael Sanford
               2011 Ford Mustang
               VIN 1ZVBP8AM7B5134446

## NOTICE OF VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT

Dear Mr. Gosch:

      Please be advised that this office has been retained to represent the interests of Mr. Michael Sanford regarding his purchase of the above-referenced 2011 Ford Mustang from your dealership. Please allow this letter to serve as formal notice of your violation of the Consumer's Legal Remedies Act ("CLRA") (*Civil Code § 1750 et. seq.*).

      As you know, on May 16, 2013, you sold my client the above-referenced vehicle for a total sales price of $24,969.60. The manufacturer of this vehicle, Ford Motor Company, is conducting a safety recall (recall 15S21) on 2005-2014 Ford Mustang vehicles equipped with defective driver side airbag inflators. The vehicles named in safety recall 15S21 were represented by Ford Motor Company and Rancho Ford, Inc. to be safe for sale, when in fact the vehicles were not safe due to their defects. Unfortunately, my client purchased one of these vehicles, and he based his decision to purchase the vehicle upon Ford Motor Company and Rancho Ford, Inc.'s representation that the vehicle was safe to drive.

      By issuing safety recall 15S21, Ford Motor Company also represented to my client that if the vehicle was delivered to a manufacturer-authorized service and repair facility, that the defective airbag inflator would be replaced and the vehicle would be made safe to drive. Once my client received notice of safety recall 15S21, he promptly delivered the vehicle to Rancho Ford, Inc. to have safety recall 15S21 performed. Upon delivery of the vehicle, my client was informed that Rancho Ford, Inc. did not have the appropriate parts to perform safety recall

15S21. Safety recall 15S21 was not performed on my client's vehicle, and he is now forced to drive the defective vehicle.

The CLRA prohibits unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer. The CLRA specifically prohibits representing that goods or services have sponsorship, approval, characteristics, or benefits which they do not have, as well as representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. Finally, the CLRA prohibits representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law. See, *Civil Code § 1770(a)(5)(7)(14)*

In addition, by misrepresenting the characteristics of the subject vehicle which you sold to my client, you also engaged in unlawful, illegal, or fraudulent activity. This action would violate California's *Business and Professions Code § 17200* ("UCL").

Finally, it is also my client's position that the vehicle you sold to him was unmerchantable and would not pass without objection in trade, thus placing you in breach of the implied warranty of merchantability. See, *Civil Code § 1791.1*. The vehicle came equipped with a latent defect that my client was unable to discern until Ford Motor Company issued recall 15S21.

Please be advised that the CLRA and UCL allow for the imposition of punitive damages, injunctive relief, as well as actual damages of my client. Both of these statutes also provide for the recovery of attorney's fees and costs necessitated by the filing of any such lawsuit as a result of conduct which violates either of the above two statutes.

Accordingly, demand is made that you immediately rescind the subject sales transaction and refund to my client all of the money expended on the vehicle. In addition, demand is made that you pay reasonably incurred attorney's fees and costs.

Should you have any further questions or wish to discuss this matter further, please do not hesitate to contact the undersigned. Furthermore, please be advised that due to my representation of Mr. Sanford, you are to have no further contact with my client, either telephonically, in writing, or electronically.

Very Truly Yours,

THE BARRY LAW FIRM

David N. Barry, Esq.

1  **PROOF OF SERVICE**

2  STATE OF CALIFORNIA

3  COUNTY OF LOS ANGELES

4  **SANFORD V. FORD MOTOR COMPANY, ET AL.**
   **CASE # BC625035**

5

6      I am employed in the County of Los Angeles, State of California.  I am over the age of
   eighteen (18) years and not a party to the within action; my business address is: 11835 W. Olympic

7  Boulevard, Suite 440, Los Angeles, CA 90064.

8      On December 16, 2016, I served the following described as:

9  **PLAINTIFF MICHAEL SANFORD'S FIRST AMENDED COMPLAINT FOR DAMAGES**
                        **AND INJUCTIVE RELIEF**

10

11  Service was made in the below ascribed manner, on the interested parties in this action by
   placing a true copy thereof enclosed in a sealed envelope addressed to:

12

13                  **PLEASE SEE ATTACHED SERVICE LIST**

14  [X]   **(MAIL)** I am "readily familiar" with the legal department's practice for collection and
       processing of correspondence for mailing.  It is deposited with the U.S. postal service on

15      that same day in the ordinary course of business.  I am aware that on motion of the party
       served, service is presumed invalid if the postal cancellation date or postage meter date is

16      more than one day after the date of deposit for mailing in affidavit.

17

18  []    (OVERNIGHT DELIVERY MAIL) I caused the above described document to be served on
       the interested parties noted below by GSO Delivery Service in an envelope or package

19      designated by the express service carrier in a facility which is deposited with the GSO
       Delivery Service in our building on the same day, in the ordinary course of business with

20      delivery fees paid or provided for.

21  []    (PERSONAL SERVICE) I caused the above described document to be personally served
       on the interested parties noted below.

22

23  []    (BY FAX)      I caused such document to be delivered by Facsimile (fax) to the offices of
       the addressee.

24

25  [X]   **(STATE)**     I declare under penalty of perjury under the laws of the State of California
       that the above is true and correct.

26

27      Executed on the 16th of December 2016, at Los Angeles, California.

28

          Jeramy Templin
          _____                              _____
              NAME                                              SIGNATURE

                              **PROOF OF SERVICE**

1

**SERVICE LIST**

2

**SANFORD V. FORD MOTOR COMPANY, ET AL.**

3   **CASE # BC625035**

4

| Mary Lynn Arens, Esq. | Attorneys for Defendants, |
|---|---|
| The Erskine Law Group | Ford Motor Company and Rancho Ford, Inc. |
| 26056 Acero | |
| Mission Viejo, CA 92691 | |

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mary Lynn Arens, Esq. SBN: 282459
The Erskine Law Group, PC
26056 Acero
Mission Viejo, CA 92691
Tel:  (949) 777-6032
Fax: (949) 916-1152
marens@erskinelawgroup.com

Attorneys for Defendant FORD MOTOR COMPANY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| MICHAEL SANFORD, an individual, | Case No.:  BC625035 |
| Plaintiff, | **ANSWER OF DEFENDANT FORD MOTOR COMPANY TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT** |
| vs. | |
| FORD MOTOR COMPANY, a Delaware corporation; RANCHO FORD INC., a California Corporation; and DOES 1 through 20, inclusive, | Hon. Teresa A. Beaudet<br>Dept.: 50 |
| Defendant. | |

Defendant FORD MOTOR COMPANY ("Defendant") answers the Unverified First Amended Complaint on file herein as follows:

I.

Defendant answers the Unverified First Amended Complaint on file herein pursuant to California Code of Civil Procedure section 431.30 by denying, generally and specifically, each, every, and all of the allegations contained in the First Amended Complaint and each and every part thereof, including each and every cause of action purportedly contained therein, and denies that plaintiff has or will sustain any damage in the sum or sums referred to therein, or in any other sum or sums, or at all.

II.

Defendant further answers the Unverified First Amended Complaint on file herein and each and every purported cause of action contained therein by denying that plaintiff has sustained, or will sustain,

---

**ANSWER OF DEFENDANT FORD MOTOR COMPANY TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT**

1

any damages in any sum at all by reason of the carelessness, negligence or other fault, act or omission on the part of this answering defendant, its agents, servants or employees.

## AFFIRMATIVE DEFENSES TO THE FIRST AMENDED COMPLAINT
## AND EACH ALLEGED CAUSE OF ACTION THEREOF

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

The First Amended Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against this Defendant.

### SECOND AFFIRMATIVE DEFENSE
(Failure to Allow a Cure)

Defendant is informed and believes and thereon alleges that plaintiff is barred from obtaining the relief sought in the First Amended Complaint on the grounds that plaintiff has failed and refused to allow Defendant a reasonable opportunity to cure any alleged breach by Defendant.

### THIRD AFFIRMATIVE DEFENSE
(Mitigation)

Defendant is informed and believes and thereon alleges that plaintiff's alleged damages, if any, are the result, in whole or in part, of the plaintiff's failure to exercise care to reduce or mitigate damages.

### FOURTH AFFIRMATIVE DEFENSE
(Contributory Negligence, Unclean Hands, Assumption of Risk)

Defendant is informed and believes and thereon alleges that plaintiff is barred in whole or in part by plaintiff's negligence, unclean hands, fault, assumption of risk or otherwise from any and/or all legal or equitable relief against Defendant, as requested in the First Amended Complaint or otherwise.

### FIFTH AFFIRMATIVE DEFENSE
(Statutes of Limitation)

Defendant is informed and believes and thereon alleges that the First Amended Complaint, and each cause of action thereof, is barred by application of the statutes of limitation set forth in the California Code of Civil Procedure sections 337(1), 337(2), 337(3), 338(1), 338(2), 338(3), 338(4),

338(7), 339(1), 339(3), 340(1), 340(2), 340(3), 342, 343, 344, 348, and Commercial Code section 2725 and/or any other statute of limitation applicable to the present action.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

(Apportionment)

Any and all injuries, if any, sustained or suffered by plaintiff were proximately caused and contributed to by the superseding, intervening acts or omissions of persons other than Defendant in that said persons, and each of them, were careless and negligent concerning the matters alleged in the First Amended Complaint, and such negligence and carelessness proximately contributed to the loss, injury, damage or detriment alleged in the First Amended Complaint with the result that the damages, if any, recoverable by plaintiff herein must be diminished in proportion to the fault attributable to such other persons.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

(Misuse of Product)

Any and all injuries, if any, and damages, if any, sustained or suffered by plaintiff were directly and proximately caused by plaintiff's misuse or unreasonable or improper use and contributed to the loss, injury, damage or detriment, if any, alleged in the First Amended Complaint. The damages, if any, recoverable by plaintiff herein must be diminished in proportion to the amount of fault attributable to such misuse or unreasonable or improper use.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

(Alteration of Product)

The vehicle was not in a defective or unmerchantable condition at any time when it left possession, custody and control of Defendant.  Any damage to the subject vehicle was caused and created by changes and alterations made to the vehicle, subsequent to the time of the vehicle's manufacture and/or sale, by persons other than Defendant or any of its agents, servants or employees, barring plaintiff's recovery herein.

///

///

///

## NINTH AFFIRMATIVE DEFENSE

### (Disclaimer)

Defendant is informed and believes and thereon alleges that prior to and at the time of the alleged acts, omissions and conduct of Defendant as alleged in the First Amended Complaint, Defendant expressly disclaimed, negated and excluded all warranties of the type herein alleged by plaintiff, and of any type, express of implied, whatsoever.

## TENTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

No act or omission of Defendant was the cause in fact or the proximate cause of the injuries and damages, if any, sustained by the plaintiff. Defendant is informed and believes and thereon alleges that any breach of warranty of fitness or merchantability, if any, and any other breach of warranty, if any, and any breach of contractual undertakings of Defendant, if any, were neither the cause in fact nor the proximate cause of plaintiff's damages. Rather, any said breaches, if any, were only secondary, inconsequential, indirect and in no way contributed to or caused the alleged damages of plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unauthorized Use of the Product)

Defendant is informed and believes and thereon alleges that any and all damages, if any, sustained or suffered by plaintiff, were proximately caused and contributed to by plaintiff's use of the vehicle which is subject of this lawsuit, for a purpose to which said product was not intended to be so used, or knew, or should have known, that the use to which plaintiff put the vehicle was not the use for which the vehicle was manufactured or intended and that such unintended use could cause damage to plaintiff.

///
///
///
///
///
///

## TWELFTH AFFIRMATIVE DEFENSE

### (Estoppel)

Defendant is informed and believes and thereon alleges that plaintiff is estopped from obtaining the relief sought in the First Amended Complaint by virtue of plaintiff's acts and conduct in connection with the matters alleged in the First Amended Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

Defendant is informed and believes and thereon alleges that plaintiff has waived plaintiff's rights, if any, to obtain the relief sought in the First Amended Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

Defendant is informed and believes and thereon alleges that plaintiff's damages, if any, were the direct and proximate result of the conduct of plaintiff and/or plaintiff's agents, employees and invitees, in that they negligently, carelessly, recklessly, knowingly, and willfully operated, maintained, serviced, directed and otherwise controlled all operations and maintenance of plaintiff's vehicle.  Said damages, if any, were directly and proximately caused, in whole or in part and/or were contributed to or aggravated by the conduct of plaintiff and/or plaintiff's agents, employees and invitees, when they so negligently, carelessly, recklessly, knowingly and willfully failed to repair said vehicle, knowing that said vehicle needed repair, but instead, proceeded to operate, maintain, navigate, direct and otherwise make use of the vehicle and/or made improper and inadequate repairs to said vehicle.  Defendant is further informed and believes and thereon alleges that the owner of said vehicle knowingly and willfully authorized the hereinabove described operation of the vehicle and knowingly and willfully assumed the known risk that such actions would cause, compound, and/or aggravate the known problems with the vehicle and would proximately cause damage to said vehicle.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

The plaintiff knew of the risks and dangers of plaintiff's conduct.  Plaintiff nevertheless conducted itself in such a manner so as to expose itself and remain exposed to said risks and dangers

and by doing so assumed all the risks attendant thereto.  At said time, date and place of the incidents described in the First Amended Complaint, plaintiff voluntarily assumed the risks of the activities in which plaintiff was then and there engaged and under the circumstances and conditions then and there existing and the resulting injuries, if any, and damages, if any, sustained by plaintiff were proximately caused by plaintiff's own voluntary assumption of risk.

SIXTEENTH AFFIRMATIVE DEFENSE

(Qualified Third Party Dispute Resolution Process)

Defendant maintains a qualified third party dispute resolution process that substantially complies with section 1793.22 of the California Civil Code.  Defendant is informed and believes and thereon alleges plaintiff received timely and appropriate notification, in writing, of the availability of the third party resolution process.  Accordingly, since Plaintiff did not avail itself of the third party dispute resolution process prior to filing this litigation, section 1794(e)(2) of the California Civil Code affirmatively bars plaintiff from recovering damages provided under California Civil Code section 1794(e) and Plaintiff cannot avail itself of the rebuttable presumption pursuant to California Civil Code section 1793.22(e)(1).

SEVENTEENTH AFFIRMATIVE DEFENSE

(Good Faith Belief in Legality of Actions)

Defendant alleges that at all times relevant to this action, Defendant acted in good faith and believes its actions to be legal.

EIGHTEENTH AFFIRMATIVE DEFENSE

(Honest Belief)

Defendant alleges that at all times relevant to this action, Defendant honestly believes that a statutory obligation to repurchase or replace plaintiff's vehicle did not exist.

NINETEENTH AFFIRMATIVE DEFENSE

(Offset for Use)

Defendant alleges that it intends to take advantage of the reduction authorized by Civil Code section 1793.2(d)(c) if Defendant is found to be in violation of the Song-Beverly Consumer Warranty Act.

1

2                          TWENTIETH AFFIRMATIVE DEFENSE

3                                (Reservation of Rights)

4          Defendant presently has insufficient knowledge or information upon which to form a belief as

5  to whether it may have additional, as yet unstated, affirmative defenses available.  Defendant reserves

6  herein the right to assert additional affirmative defenses in the event discovery indicates that they would

7  be appropriate.

8          WHEREFORE, Defendant prays:

9      1.      That plaintiff take nothing by the First Amended Complaint;

10     2.      For cost of suit; and

11     3.      For such other and further relief as the Court deems just and proper.

12
   Dated:  June 12, 2017                    THE ERSKINE LAW GROUP, P.C.
13

14

15                               By: _____

16                                   Mary Lynn Arens
                                     Attorney for Defendant FORD MOTOR
17                                   COMPANY

18

19

20

21

22

23

24

25

26

27

28

---

**ANSWER OF DEFENDANT FORD MOTOR COMPANY TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT**
7

1

2

<u>PROOF OF SERVICE</u>

3        I am employed in the County of Orange and my business address is 26056 Acero, Mission Viejo, California 92691.  I am over the age of 18 years and I am not a party to this action.  I am readily familiar with the practices of The Erskine Law Group for the collection and processing of correspondence for mailing with the United States Postal Service.  Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

4

5        On June 12, 2017, I served the foregoing document(s), bearing the title(s):

6

7    **Answer of Defendant Ford Motor Company to the Unverified First Amended Complaint of Plaintiff**

8    on the interested parties in the action as follows:

9    [X]     by placing [] the **original** [ X ] a **true copy** thereof enclosed in a sealed envelope addressed as follows:

10   David N. Barry
11   THE BARRY LAW FIRM
     11835 Olympic Blvd, Suite 440
12   Los Angeles, California 90064

13    [X]     (**BY MAIL SERVICE**) I placed such envelopes for collection and to be mailed on this date following ordinary business practices.

14

15   []      (**BY PERSONAL SERVICE**) I caused to be delivered such envelope by hand to the office of the addressee.

16   []      (**BY FACSIMILE**) The document stated herein was transmitted by facsimile transmission and the transmission was reported as complete and without error.  A transmission report was properly issued by the transmitting facsimile machine and a copy of said transmission report is attached to the original proof of service indicating the time of transmission.

17

18

19   []      (**BY NEXT DAY DELIVERY**) I caused to be delivered such envelope by hand to the office of the addressee.

20   []      (**BY E-MAIL)** I served the above mentioned document via electronic transmission per agreement of the parties.

21

22   [X]     (**State**) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

23   []      (**Federal**) I declare under penalty of perjury that I am employed by a member of the Bar of this Court, at whose direction this service is made.

24

25        Executed on June 12, 2017, at Mission Viejo, California.

26

27   _____
     Jerry Gonzalez

28

Mary Lynn Arens, Esq. SBN: 282459
The Erskine Law Group, PC
26056 Acero
Mission Viejo, CA 92691
Tel:  (949) 777-6032
Fax: (949) 916-1152
marens@erskinelawgroup.com

Attorneys for Defendant RANCHO FORD, INC.

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| MICHAEL SANFORD, an individual,<br><br>        Plaintiff,<br><br>   vs.<br><br>FORD MOTOR COMPANY, a Delaware corporation; RANCHO FORD INC., a California Corporation; and DOES 1 through 20, inclusive,<br><br>        Defendant. | Case No.:  BC625035<br><br>**ANSWER OF DEFENDANT RANCHO FORD, INC., TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT**<br><br>Hon. Teresa A. Beaudet<br>Dept.: 50 |

Defendant RANCHO FORD, INC., ("Defendant") answers the Unverified First Amended Complaint on file herein as follows:

I.

Defendant answers the Unverified First Amended Complaint on file herein pursuant to California Code of Civil Procedure section 431.30 by denying, generally and specifically, each, every, and all of the allegations contained in the First Amended Complaint and each and every part thereof, including each and every cause of action purportedly contained therein, and denies that plaintiff has or will sustain any damage in the sum or sums referred to therein, or in any other sum or sums, or at all.

II.

Defendant further answers the Unverified First Amended Complaint on file herein and each and every purported cause of action contained therein by denying that plaintiff has sustained, or will sustain,

any damages in any sum at all by reason of the carelessness, negligence or other fault, act or omission on the part of this answering defendant, its agents, servants or employees.

## AFFIRMATIVE DEFENSES TO THE FIRST AMENDED COMPLAINT
## AND EACH ALLEGED CAUSE OF ACTION THEREOF

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

The First Amended Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against this Defendant.

### SECOND AFFIRMATIVE DEFENSE

(Failure to Allow a Cure)

Defendant is informed and believes and thereon alleges that plaintiff is barred from obtaining the relief sought in the First Amended Complaint on the grounds that plaintiff has failed and refused to allow Defendant a reasonable opportunity to cure any alleged breach by Defendant.

### THIRD AFFIRMATIVE DEFENSE

(Mitigation)

Defendant is informed and believes and thereon alleges that plaintiff's alleged damages, if any, are the result, in whole or in part, of the plaintiff's failure to exercise care to reduce or mitigate damages.

### FOURTH AFFIRMATIVE DEFENSE

(Contributory Negligence, Unclean Hands, Assumption of Risk)

Defendant is informed and believes and thereon alleges that plaintiff is barred in whole or in part by plaintiff's negligence, unclean hands, fault, assumption of risk or otherwise from any and/or all legal or equitable relief against Defendant, as requested in the First Amended Complaint or otherwise.

### FIFTH AFFIRMATIVE DEFENSE

(Statutes of Limitation)

Defendant is informed and believes and thereon alleges that the First Amended Complaint, and each cause of action thereof, is barred by application of the statutes of limitation set forth in the California Code of Civil Procedure sections 337(1), 337(2), 337(3), 338(1), 338(2), 338(3), 338(4),

338(7), 339(1), 339(3), 340(1), 340(2), 340(3), 342, 343, 344, 348, and Commercial Code section 2725 and/or any other statute of limitation applicable to the present action.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

(Apportionment)

Any and all injuries, if any, sustained or suffered by plaintiff were proximately caused and contributed to by the superseding, intervening acts or omissions of persons other than Defendant in that said persons, and each of them, were careless and negligent concerning the matters alleged in the First Amended Complaint, and such negligence and carelessness proximately contributed to the loss, injury, damage or detriment alleged in the First Amended Complaint with the result that the damages, if any, recoverable by plaintiff herein must be diminished in proportion to the fault attributable to such other persons.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

(Misuse of Product)

Any and all injuries, if any, and damages, if any, sustained or suffered by plaintiff were directly and proximately caused by plaintiff's misuse or unreasonable or improper use and contributed to the loss, injury, damage or detriment, if any, alleged in the First Amended Complaint. The damages, if any, recoverable by plaintiff herein must be diminished in proportion to the amount of fault attributable to such misuse or unreasonable or improper use.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

(Alteration of Product)

The vehicle was not in a defective or unmerchantable condition at any time when it left possession, custody and control of Defendant.  Any damage to the subject vehicle was caused and created by changes and alterations made to the vehicle, subsequent to the time of the vehicle's manufacture and/or sale, by persons other than Defendant or any of its agents, servants or employees, barring plaintiff's recovery herein.

/ / /

/ / /

/ / /

NINTH AFFIRMATIVE DEFENSE

(Disclaimer)

Defendant is informed and believes and thereon alleges that prior to and at the time of the alleged acts, omissions and conduct of Defendant as alleged in the First Amended Complaint, Defendant expressly disclaimed, negated and excluded all warranties of the type herein alleged by plaintiff, and of any type, express of implied, whatsoever.

TENTH AFFIRMATIVE DEFENSE

(Lack of Causation)

No act or omission of Defendant was the cause in fact or the proximate cause of the injuries and damages, if any, sustained by the plaintiff.  Defendant is informed and believes and thereon alleges that any breach of warranty of fitness or merchantability, if any, and any other breach of warranty, if any, and any breach of contractual undertakings of Defendant, if any, were neither the cause in fact nor the proximate cause of plaintiff's damages.   Rather, any said breaches, if any, were only secondary, inconsequential, indirect and in no way contributed to or caused the alleged damages of plaintiff.

ELEVENTH AFFIRMATIVE DEFENSE

(Unauthorized Use of the Product)

Defendant is informed and believes and thereon alleges that any and all damages, if any, sustained or suffered by plaintiff, were proximately caused and contributed to by plaintiff's use of the vehicle which is subject this lawsuit, for a purpose to which said product was not intended to be so used, or knew, or should have known, that the use to which plaintiff put the vehicle was not the use for which the vehicle was manufactured or intended and that such unintended use could cause damage to plaintiff.

TWELFTH AFFIRMATIVE DEFENSE

(Estoppel)

Defendant is informed and believes and thereon alleges that plaintiff is estopped from obtaining the relief sought in the First Amended Complaint by virtue of plaintiff's acts and conduct in connection with the matters alleged in the First Amended Complaint.

/ / /

THIRTEENTH AFFIRMATIVE DEFENSE

(Waiver)

Defendant is informed and believes and thereon alleges that plaintiff has waived plaintiff's rights, if any, to obtain the relief sought in the First Amended Complaint.

FOURTEENTH AFFIRMATIVE DEFENSE

(Comparative Negligence)

Defendant is informed and believes and thereon alleges that plaintiff's damages, if any, were the direct and proximate result of the conduct of plaintiff and/or plaintiff's agents, employees and invitees, in that they negligently, carelessly, recklessly, knowingly, and willfully operated, maintained, serviced, directed and otherwise controlled all operations and maintenance of plaintiff's vehicle.  Said damages, if any, were directly and proximately caused, in whole or in part and/or were contributed to or aggravated by the conduct of plaintiff and/or plaintiff's agents, employees and invitees, when they so negligently, carelessly, recklessly, knowingly and willfully failed to repair said vehicle, knowing that said vehicle needed repair, but instead, proceeded to operate, maintain, navigate, direct and otherwise make use of the vehicle and/or made improper and inadequate repairs to said vehicle.  Defendant is further informed and believes and thereon alleges that the owner of said vehicle knowingly and willfully authorized the hereinabove described operation of the vehicle and knowingly and willfully assumed the known risk that such actions would cause, compound, and/or aggravate the known problems with the vehicle and would proximately cause damage to said vehicle.

FIFTEENTH AFFIRMATIVE DEFENSE

(Assumption of Risk)

The plaintiff knew of the risks and dangers of plaintiff's conduct.  Plaintiff nevertheless conducted itself in such a manner so as to expose itself and remain exposed to said risks and dangers and by doing so assumed all the risks attendant thereto.  At said time, date and place of the incidents described in the First Amended Complaint, plaintiff voluntarily assumed the risks of the activities in which plaintiff was then and there engaged and under the circumstances and conditions then and there existing and the resulting injuries, if any, and damages, if any, sustained by plaintiff were proximately caused by plaintiff's own voluntary assumption of risk.

SIXTEENTH AFFIRMATIVE DEFENSE

(Qualified Third Party Dispute Resolution Process)

Defendant maintains a qualified third party dispute resolution process that substantially complies with section 1793.22 of the California Civil Code.  Defendant is informed and believes and thereon alleges plaintiff received timely and appropriate notification, in writing, of the availability of the third party resolution process.  Accordingly, since Plaintiff did not avail itself of the third party dispute resolution process prior to filing this litigation, section 1794(e)(2) of the California Civil Code affirmatively bars plaintiff from recovering damages provided under California Civil Code section 1794(e) and Plaintiff cannot avail itself of the rebuttable presumption pursuant to California Civil Code section 1793.22(e)(1).

SEVENTEENTH AFFIRMATIVE DEFENSE

(Good Faith Belief in Legality of Actions)

Defendant alleges that at all times relevant to this action, Defendant acted in good faith and believes its actions to be legal.

EIGHTEENTH AFFIRMATIVE DEFENSE

(Honest Belief)

Defendant alleges that at all times relevant to this action, Defendant honestly believes that a statutory obligation to repurchase or replace plaintiff's vehicle did not exist.

NINETEENTH AFFIRMATIVE DEFENSE

(Offset for Use)

Defendant alleges that it intends to take advantage of the reduction authorized by Civil Code section 1793.2(d)(c) if Defendant is found to be in violation of the Song-Beverly Consumer Warranty Act.

TWENTIETH AFFIRMATIVE DEFENSE

(Reservation of Rights)

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  Defendant reserves

herein the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, Defendant prays:

1.      That plaintiff take nothing by the First Amended Complaint;

2.      For cost of suit; and

3.      For such other and further relief as the Court deems just and proper.

Dated:  June 12, 2017                THE ERSKINE LAW GROUP, P.C.

By: _____

Mary Lynn Arens
Attorney for Defendant RANCHO FORD, INC.

PROOF OF SERVICE

        I am employed in the County of Orange and my business address is 26056 Acero, Mission Viejo, California 92691.  I am over the age of 18 years and I am not a party to this action.  I am readily familiar with the practices of The Erskine Law Group for the collection and processing of correspondence for mailing with the United States Postal Service.  Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

        On June 12, 2017, I served the foregoing document(s), bearing the title(s):

**Answer of Defendant Rancho Ford, Inc.,  to the Unverified First Amended Complaint of Plaintiff**

on the interested parties in the action as follows:

[X]    by placing [] the **original** [ X ] a **true copy** thereof enclosed in a sealed envelope addressed as follows:

David N. Barry
THE BARRY LAW FIRM
11835 Olympic Blvd, Suite 440
Los Angeles, California 90064

 [X]    (**BY MAIL SERVICE**) I placed such envelopes for collection and to be mailed on this date following ordinary business practices.

[]    (**BY PERSONAL SERVICE**) I caused to be delivered such envelope by hand to the office of the addressee.

[]    (**BY FACSIMILE**) The document stated herein was transmitted by facsimile transmission and the transmission was reported as complete and without error.  A transmission report was properly issued by the transmitting facsimile machine and a copy of said transmission report is attached to the original proof of service indicating the time of transmission.

[]    (**BY NEXT DAY DELIVERY**) I caused to be delivered such envelope by hand to the office of the addressee.

[]    (**BY E-MAIL)** I served the above mentioned document via electronic transmission per agreement of the parties.

[X]    (**State**) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[]    (**Federal**) I declare under penalty of perjury that I am employed by a member of the Bar of this Court, at whose direction this service is made.

        Executed on June 12, 2017, at Mission Viejo, California.

_____
Jerry Gonzalez

Mary Lynn Arens, Esq. SBN: 282459
The Erskine Law Group, PC
26056 Acero
Mission Viejo, CA 92691
Tel:  (949) 777-6032
Fax: (949) 916-1152
marens@erskinelawgroup.com

Attorneys for Defendant
FORD MOTOR COMPANY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| MICHAEL SANFORD, an individual; | CASE NO. BC625035 |
| Plaintiff, | |
| v. | **DEFENDANT FORD MOTOR COMPANY'S CROSS COMPLAINT AGAINST TAKATA CORPORATION AND TK HOLDINGS, INC. AND DEMAND FOR JURY TRIAL FOR:** |
| FORD MOTOR COMPANY, a Delaware Corporation; RANCHO FORD, INC., a California Corporation; and DOES 1 through 20, inclusive, | **(1) EXPRESS INDEMNITY;**<br>**(2) EQUITABLE INDEMNITY;**<br>**(3) CONTRIBUTION & APPORTIONMENT;**<br>**(4) DECLARATORY RELIEF** |
| Defendants. | Complaint Filed:  June 24, 2016<br>Trial:  January 24, 2018 |
| FORD MOTOR COMPANY, A Delaware Corporation; | |
| Cross Complainant, | |
| vs. | |
| TAKATA CORPORATION; TK HOLDINGS, INC.; and ROES 1 through 20, inclusive, | |
| Cross Defendants. | |

1    DEFENDANT and CROSS COMPLAINANT, FORD MOTOR COMPANY ("Ford" or

2  "Cross Complainant"), cross complains and alleges as follows:

3                                    **GENERAL ALLEGATIONS**

4          1.      Upon information and belief, Cross Defendant TAKATA CORPORATION

5  ("Takata Corp.") is a Japanese company headquartered in Tokyo, Japan.

6          2.      Upon information and belief, Cross Defendant TK HOLDINGS, INC. ("TKH") is

7  a subsidiary of Takata Corp. and is incorporated in the United States with its principal place of

8  business in Auburn Hills, Michigan.

9          3.      The true names and capacities of Cross Defendants Roes 1-20 are unknown to

10  Cross Complainant at this time, and Cross Complainant therefore sues these Cross Defendants by

11  fictitious names. Cross Complainant will seek leave of court to amend its Cross Complaint to

12  allege the true names and capacities of these fictitiously named Cross Defendants at such time as

13  this information is obtained.

14         4.      Cross Complainant is informed and believes and thereon alleges that at all times

15  herein, each of the Cross Defendants, including Takata Corp., TKH and Roes 1-20 (hereinafter

16  collectively "Cross Defendants"), were the agent, servant, partner and employee of each of the

17  remaining Cross Defendants, and as such, were at all times herein mentioned acting within the

18  purpose, course and scope of said agency, partnership and employment, and with the consent,

19  permission, and ratification of the remaining Cross Defendants.

20         5.      An actual controversy has now arisen and now exists between Cross Complainant

21  and each Cross Defendant concerning each party's respective rights and duties in connection

22  with this action brought by Plaintiff, who claims damages against Cross Complainant.  For

23  purposes of information, and without admitting the truth therein as against this Cross

24  Complainant, Cross Complainant incorporates Plaintiff's First Amended Complaint for damages

25  ("Complaint"), the operative complaint, on file herein by this reference as though set forth in

26  full.

27  / / /

28

1

DEFENDANT FORD MOTOR COMPANY'S CROSS COMPLAINT AGAINST TAKATA CORPORATION
AND TK HOLDINGS, INC. AND DEMAND FOR JURY TRIAL

1    6.    Cross Complainant is informed and believes and thereon alleges that at all times

2  mentioned herein, each of the Cross Defendants were legally responsible in some manner for the

3  events and happenings referred to herein and in Plaintiff's Complaint, and thereby proximately

4  caused the injuries and damages, if any.  Cross Complainant is informed and believes and

5  thereon alleges that each of the Cross Defendants owe indemnity to Cross Complainant as

6  hereinafter set forth.

7    7.    Defendant and Cross Complainant Ford Motor Company is a Delaware

8  corporation with its principal place of business in Dearborn, Michigan.

9    8.    This Court has jurisdiction over this cross-claim because it arises out of the same

10  transactions or occurrences that are the subject matter of the original action.

11    9.    Plaintiff Michael Sanford ("Plaintiff") filed this action against Defendant Ford

12  Motor Company on June 24, 2016.  In the Complaint, Plaintiff alleges that he purchased a new

13  2011 Ford Mustang, VIN 1ZVBP8AM7B5134446 (hereinafter referred to as the "Vehicle") from

14  Defendant Rancho Ford, Inc., located in the city of Temecula, Riverside County, California.

15    10.    As against Cross Complainant, Plaintiff asserts that the Vehicle was equipped

16  with allegedly defective Takata driver side airbag inflators and passenger side airbag inflators

17  ("Airbag Inflators").

18    11.    Upon information and belief, Cross Defendant(s) and each of them designed,

19  manufactured and/or sold the Airbag Inflators which were in the Vehicle and are at issue in this

20  lawsuit.

21    12.    Cross Complainant has expressly denied Plaintiff's allegations and denies it has

22  any liability to Plaintiff. Cross Complainant further denies that Plaintiff is entitled to any relief

23  whatsoever from Cross Complainant.

24    13.    However, to the extent Cross Complainant is found liable for some or all of the

25  asserted claims, Cross Complainant possesses a right to indemnification and other relief from

26  Cross Defendant(s) and each of them.

27

28

**FIRST CAUSE OF ACTION**

**(Express Indemnity Against Cross Defendants TK HOLDINGS, INC.; and ROES 1-20)**

14.     Cross Complainant incorporates by reference Paragraphs 1 through 13 as if fully set forth herein.

15.     Cross Defendant(s) TKH and Roes 1-20 (collectively "Contractual Cross Defendant(s)") began supplying Cross Complainant with front airbag modules containing the allegedly defective Airbag Inflators in the fall of 2003.

16.     From 2003 until January 1, 2004, "Global Terms for Production Parts and Non-Production Goods and Services" contained the terms and conditions of the contract between Contractual Cross Defendant(s) and Cross Complainant pertaining to all orders for parts and materials, including the airbag modules containing the allegedly defective Airbag Inflators.

17.     Under these terms and conditions, Cross Complainant is the "Buyer" and Contractual Cross Defendant(s) is the "Seller."

18.     Every purchase order between Cross Complainant and Contractual Cross Defendant(s) from 2003 until January 1, 2004 contained the contractual language set forth in the "Global Terms for Production Parts and Non-Production Goods and Services." The "Global Terms for Production Parts and Non-Production Goods and Services" set forth that:

> These terms and conditions and associated documents are issued on behalf of the Ford Company identified on the face of a Purchase Order or Release as the "Buyer" and will apply to all orders issued to you as the Seller for parts and materials for production and non-production goods and services ("Supplies").

19.     Paragraph 13 of the "Global Terms for Production Parts and Non-Production Goods and Services" sets forth the indemnification obligations of Contractual Cross Defendant(s):

> 13.     DEFENSE AND INDEMNITY
>
> (a)     At Buyer's request, Seller will defend all claims (including lawsuits, administrative claims, and other proceedings to recover for personal injury or death, property damage, or economic losses) that are related in any way to Seller's performance or obligations under a Purchase Order, including claims based on Seller's breach of warranty; claims arising out of or related to work

performed by Seller, its employees or subcontractors on Buyer's premises; and claims for any related violations of any law, ordinance or regulation. To the full extent permitted by applicable law, Seller will indemnify Buyer, its directors, officers and employees and authorized dealers for all expenses (including attorneys fees, settlements, and judgments) incurred by Buyer in connection with such claims. Seller's obligation to defend and indemnify under this Section will apply regardless of whether the claim arises in tort, negligence, contract, warranty, strict liability or otherwise except for claims that arise as a result of the sole negligence of Buyer.

20.     In addition, Paragraph 12 of the "Global Terms for Production Parts and Non-Production Goods and Services" provides additional indemnity obligations in the event of a recall due to, among other things, defects in design or the product not being suitable for the intended purpose:

Seller will indemnify and hold Buyer harmless in respect of the cost of recall campaigns and other corrective service actions that, in Buyer's reasonable judgment, are required to rectify nonconformities in the Supplies that are the result of a breach of the foregoing warranty.

21.     Paragraph 23 of the "Global Terms for Production Parts and Non-Production Goods and Services" provides that "[t]he individual remedies reserved in the Purchase Order will be in addition to any remedies provided by law."

22.     Beginning on January 1, 2004, "Production Purchasing Global Terms and Conditions" contained the terms and conditions of the contract between Contractual Cross Defendant(s) and Cross Complainant pertaining to all orders for parts and materials, including the airbag modules containing the allegedly defective airbag inflators.

23.     Under these terms and conditions, Cross Complainant is the "Buyer" and Contractual Cross Defendant(s) is the "Supplier."

24.     Pursuant to Section 1.01 of the "Production Purchasing Global Terms and Conditions," "[t]he Global Terms and Conditions apply to the purchase by the Buyer of production goods and services from the Supplier including: (a) production and service parts, components, assemblies and accessories; (b) raw materials; (c) tooling; and (d) design, engineering or other services."

/ / /

25.     Beginning January 1, 2004, every purchase order between Cross Complainant and Contractual Cross Defendant(s) contained the language set forth in the "Production Purchasing Global Terms and Conditions." The "Production Purchasing Global Terms and Conditions" set forth that "[t]he contract between the Buyer and the Supplier for the purchase and sale of the Goods is the Purchase Order. The Purchase Order includes the Global Terms and Conditions, . . ."

26.     Section 25 of the "Production Purchasing Global Terms and Conditions" sets forth the "Indemnification Obligations of the Supplier":

> 25.01 <u>Definitions.</u> For purposes of this Section 25, ***Indemnified Person*** includes the Buyer, its Related Companies, and their directors, officers, and employees. ***Litigation Costs*** includes all costs, damages, losses, claims and expenses (including actual fees for attorneys, experts and consultants, settlement costs and judgments) incurred in defending against a claim under Section
>
> 25.02 <u>Supplier's Obligations.</u> The Supplier will indemnify and hold an Indemnified Person harmless against all Litigation Costs occasioned by, resulting from, or arising out of any claim by a third party for death, personal injury, or property damage which results from: (a) any defect or alleged defect in the Goods supplied by the Supplier; (b) any noncompliance or alleged noncompliance by the Supplier with any of its representations, warranties or obligations under a Purchase Order; or (c) any negligence or fault or alleged negligence or fault of the Supplier in connection with the design or manufacture of the goods.  (emphasis in original.)

27.     The Global Terms for Production Parts and Non-Production Goods and Services and the Production Purchasing Global Terms and Conditions are valid and enforceable contracts between Contractual Cross Defendant(s) and Cross Complainant.

28.     All airbag modules with inflators claimed as defective in this action were sold to Cross Complainant by Contractual Cross Defendant(s) pursuant to the Global Terms for Production Parts and Non-Production Goods and Services or the Production Purchasing Global Terms and Conditions.

29.     Cross Complainant has complied with and performed its obligations under the Global Terms for Production Parts and Non-Production Goods and Services and the Production Purchasing Global Terms and Conditions.

DEFENDANT FORD MOTOR COMPANY'S CROSS COMPLAINT AGAINST TAKATA CORPORATION
AND TK HOLDINGS, INC. AND DEMAND FOR JURY TRIAL

30.     Under the terms of the Global Terms for Production Parts and Non-Production Goods and the Production Purchasing Global Terms and Conditions, set forth in every purchase order entered into by Contractual Cross Defendant(s), Contractual Cross Defendant(s) and each of them is obligated to indemnify, defend, and hold Cross Complainant harmless from any and all losses, damages, costs, claims, expenses, and liabilities arising from claims relating to the allegedly defective airbag inflators.

31.     Cross Complainant has denied liability to Plaintiff, but if Cross Complainant is held liable to Plaintiff, Contractual Cross Defendant(s) and each of them must indemnify Cross Complainant for all claims and damages alleged by Plaintiff for the alleged defective inflators designed, manufactured, and sold by Contractual Cross Defendant(s). Further, even if Cross Complainant is not ultimately held liable to Plaintiff, Contractual Cross Defendant(s) and each of them must indemnify Cross Complainant in connection with its defense of Plaintiff's claims.

**SECOND CAUSE OF ACTION**

**(Equitable Indemnity Against Cross Defendants TAKATA CORPORATION; TK HOLDINGS, INC.; and ROES 1-20)**

32.     Cross Complainant incorporates by reference each and every allegation contained in paragraphs 1 through 31 above as if each of the same was set forth in full herein.

33.     Cross Complainant is informed and believes and on that basis alleges that if Cross Complainant is found liable to Plaintiff in any amount, it will be due solely to the passive fault and secondary actions of Cross Complainant, whereas Cross Defendant(s) and each of them were actively negligent and primarily responsible for the damages, if any, for which Plaintiff complains.

34.     If it be found that Cross Complainant is liable to Plaintiff by reason of those things set forth herein above, Cross Complainant is entitled to be indemnified and be held harmless by Cross Defendant(s) and each of them from all damages, including cost and expenses in defending the action, as well as attorneys' fees and other expenses incurred in connection therewith.

**THIRD CAUSE OF ACTION**

**(Apportionment and Contribution Against Cross Defendants TAKATA CORPORATION; TK HOLDINGS, INC.; and ROES 1-20)**

35.     Cross Complainant incorporates by reference each and every allegation contained in paragraphs 1 through 34 as though fully set forth herein.

36.     If Plaintiff or others recover against Cross Complainant in this action, Cross Complainant is entitled to apportionment of liability and contribution from each of the Cross Defendants, including Cross Defendants Takata Corp. and TKH and each of them, for their share of any payment Cross Complainant makes, in proportion to the comparative negligence or fault of each Cross Defendant in causing damages.  Cross Complainant is also entitled to reimbursement from Cross Defendant(s) and each of them for any payments made in excess of Cross Complainant's proportional share, if any, of fault or negligence contributing to Plaintiff's alleged injuries and damages. By reason of the foregoing, if Plaintiff or others recover against Cross Complainant, Cross Complainant will be entitled to reimbursement from Cross Defendant(s) and each of them for any amounts Cross Complainant pays by way of settlement, judgment or otherwise, together with all costs and expenses incurred by Cross Complainant in defending this action, including but not limited to, reasonable attorneys' fees.

**FOURTH CAUSE OF ACTION**

**(Declaratory Relief Against Cross Defendants TAKATA CORPORATION; TK HOLDINGS, INC.; and ROES 1-20)**

37.     Cross Complainant incorporates by reference each and every allegation contained in paragraphs 1 through 36 as though fully set forth herein.

38.     A dispute has arisen and an actual controversy now exists between Cross Complainant and each of the Cross Defendant(s) in that Cross Complainant contends, and Cross Defendant(s) deny, that if Cross Complainant is found liable to Plaintiff or others, or pays any amount to Plaintiff or others by way of settlement, judgment or otherwise, Cross Complainant is entitled to and should receive contribution from Cross Defendant(s) and each of them.

DEFENDANT FORD MOTOR COMPANY'S CROSS COMPLAINT AGAINST TAKATA CORPORATION AND TK HOLDINGS, INC. AND DEMAND FOR JURY TRIAL

39.     Cross Complainant desires a judicial determination of the liabilities of Cross Complainant and Cross Defendant(s) and each of them with respect to the damages claimed by Plaintiff and others, and a judicial determination of Cross Defendant's(s') duties and obligations to provide contribution with respect to any sums Cross Complainant pays to Plaintiff or others by way of settlement, judgment, or otherwise.  A judicial determination is necessary and appropriate at this time so that Cross Complainant and Cross Defendant(s) and each of them may ascertain their respective rights and duties to the extent they relate to the transactions and occurrences alleged in the Complaint, and to avoid a multiplicity of lawsuits.

## PRAYER

WHEREFORE, Ford Motor Company prays for judgment against Cross Defendants Takata Corporation, TK Holdings, Inc. and Roes 1-20 as follows:

On all causes of action:

(a)     For judgment against Cross Defendants Takata Corporation, TK Holdings, Inc. and Roes 1-20, inclusive, that Ford Motor Company is entitled to full and complete indemnification from Cross Defendant(s), including Cross Defendants Takata Corporation and TK Holdings, Inc. and each of them;

(b)     For judgment against Cross Defendants Takata Corporation, TK Holdings, Inc. and Roes 1-20, inclusive, that Ford Motor Company is entitled to full and complete contribution and apportionment from Cross Defendants, including Cross Defendants Takata Corporation and TK Holdings, Inc. and each of them;

(c)     For a judicial determination of the liabilities of Ford Motor Company and Cross Defendants Takata Corporation, TK Holdings, Inc. and Roes 1-20, inclusive, with respect to the damages claimed by Plaintiff and others, and a judicial determination of Cross Defendants', including Cross Defendant Takata Corporation's and TK Holdings, Inc.'s and each of their, duties and obligations to provide contribution with respect to any sums Ford Motor Company pays to Plaintiff or others by way of settlement, judgment, or otherwise;

/ / /

1          (d)     For reasonable attorneys' fees and costs incurred by Ford Motor Company

2    in the defense of this action and relating to Ford Motor Company's cross claims for express and

3    implied indemnity, apportionment and contribution.

4          (e)     For such other and further relief as the Court deems just and proper.

5

6    Dated: June 23, 2017                    ERSKINE LAW GROUP, PC

7                                     By: _____

8                                        Mary Lynn Arens, Esq.
                                         Attorneys for Defendant and Cross

9                                        Complainant
                                         FORD MOTOR COMPANY

10

11

12                           **DEMAND FOR JURY TRIAL**

13         FORD MOTOR COMPANY hereby demands a trial by jury with respect to all claims

     asserted the within Cross Complaint.
14

15   Dated: June 23, 2017                    ERSKINE LAW GROUP, PC

16                                      By: _____

17                                       Mary Lynn Arens, Esq.
                                       Attorneys for Defendant and Cross

18                                       Complainant
                                         FORD MOTOR COMPANY

19

20

21

22

23

24

25

26

27

28

DEFENDANT FORD MOTOR COMPANY'S CROSS COMPLAINT AGAINST TAKATA CORPORATION
AND TK HOLDINGS, INC. AND DEMAND FOR JURY TRIAL

1

## **PROOF OF SERVICE**

2

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is: Erskine Law Group, PC 26056 Acero, Mission Viejo, CA 92691.  On the below-mentioned date, I served the within documents:

3

4

## **DEFENDANT FORD MOTOR COMPANY'S SUMMONS AND CROSS COMPLAINT**

5

## **AGAINST TAKATA CORPORATION AND TK HOLDING, INC.**

6

7

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

8

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

9

10

☐    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at, addressed as set forth below.

11

☒    by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FedEx as part of the ordinary business practices of Erskine Law Group, PC described below, addressed as follows:

12

13

14

David N. Barry, Esq.                Keith Teel
The Barry Law Firm                Covington & Burling, LLP
11835 W. Olympic Blvd            One City Center  850 Tenth Street, NW
Suite 440                          Washington, DC 20001
Los Angeles, CA 90064            Tel: (202) 662-5501
Tel: (310) 684-5859               Email: kteel@cov.com
Email:dbarry@lemonlawrights.com    *Attorney for Cross Defendant TKH*
*Attorneys for the Plaintiff*

15

16

17

18

19

20

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

21

22

23

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

24

25

    Executed on June 23, 2017 at Mission Viejo, California.

26

27

_____
                       Alex Roth

28

1123584/33395830v.1